UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IRIS WEEKLEY,
    Plaintiff,

v.

MICHAEL ADKINSON, JR., et al.,
    Defendants.

CASE NO. 5:12-cv-170-RS-CJK

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference electronically:

    James V. Cook and David Bennett representing the Plaintiff

    Carl Peterson representing the Defendants

2. Initial Disclosures. The parties will complete by 07/27/2012, the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose this discovery plan:

    (a) Discovery will be needed on these subjects: Discovery is needed on Plaintiff's claims and Defendants' defenses.

    (b) Dates for commencing and completing discovery, 07/13/12 through 12/31/12

    (c) Maximum number of interrogatories by each party to another party and time for responses: As set forth in the Initial Scheduling Order.

    (d) Maximum number of requests for admission, along with the time for responses: As set forth in the Initial Scheduling Order or Rules.

    (e) Maximum number of depositions by each party: 12 per side however the Court may grant additional depositions for good cause.

    (f) Limits on the length of depositions, in hours: 1 day of 7 hours.

(g) Dates for exchanging reports of expert witnesses: Plaintiff's expert reports by 10/15/12; Defendant's expert reports by 11/15/12.

(h) Dates for supplementations under Rule 26(e): Discovery should be supplemented as soon as reasonably possible after the parties become aware of the need to supplement.

4. Other Items:

(a) The parties do not request a scheduling conference with the Court.

(b) Requested dates for pretrial conferences: To be set approximately 1 ½ months after close of discovery, which will provide sufficient time for the parties to brief and the Court to consider and adjudicate any dispositive motions that are expected to be filed.

(d) Final dates for parties to amend pleadings or join parties: 10/15/12.

(e) Final dates to file dispositive motions: 01/24/2013.

(f) State prospects for settlement: Presently unknown.

(g) Identify any alternative dispute resolution procedure that may enhance settlement prospects: Mediation after resolution of summary judgment.

(h) Final dates for Rule 26(a)(3) witness lists, designations of witness testimony to be presented by deposition, and exhibit lists: As ordered by the Court.

(i) Final dates to file objections under Rule 26(a)(3): As set forth in the Rule.

(j) Suggested trial date and estimate of trial length: Trial after April 1, 2013 (Defendants' attorney has trial set in March 2013). Plaintiff believes six days will be needed for trial; Defendants believe three days will be sufficient.

(k) Other matters:

   i. The parties have conferred on magistrate judge jurisdiction

   ii. Plaintiff contends that Defendants violated the constitutional and statutory rights of plaintiff's decedent through excessive force, deliberate indifference, and intentional torts and negligence under state law.

   Defendants deny Plaintiff's allegations and allege that they have acted, at all times material, in accordance with applicable law. Defendants assert that,

      no constitutional violation occurred or qualified immunity should apply. Plaintiff is not entitled to the relief sought in the complaint.

iii. The parties agree that disclosure and production will be limited to data reasonably available in the ordinary course of business in a format generally utilized or capable of being utilized by the producing party at actual cost to be paid by the requesting party and that reasonable measures will be taken to preserve potentially discoverable data. Inadvertent production of privileged information will result in that information being returned to the producing party without copying or otherwise retaining the information by the produced to party.

iv. This case should not be made subject to the Manual on Complex Litigation.

v. The parties respectfully request that the timetables and cutoff dates proposed in this joint report of the parties' planning meeting be approved by the Court.

Respectfully Submitted on July 26, 2012.

| | |
|---|---|
| *s/ Carl Peterson, Esq.* | *s/ James V. Cook* |
| CARL R. PETERSON, JR. | JAMES COOK |
| Florida Bar Number 980048 | Florida Bar Number 0966843 |
| Jolly & Peterson, P.A. | Law Office of James Cook |
| Post Office Box 37400 | 314 West Jefferson Street |
| Tallahassee, Florida  32315 | Tallahassee, FL 32301 |
| (850) 422-0282; (850) 422-1913 (fax) | (850) 222-8080; 561-0836 fax |
| crp@jollylaw.com | cookjv@nettally.com |
| | |
| For Defendants | W. DAVID BENNETT |
| | Florida Bar Number 87746 |
| | Ellis, Ged & Bodden, P.A. |
| | 7171 North Federal Hwy. |
| | Boca Raton, FL. 33487 |
| | (561) 995-1966 ; 241-0812 fax |
| | wdbennett@ellisandged.com |
| | |
| | For Plaintiff |