IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IRIS WEEKLEY, as Personal Representative of the Estate of Jeffery Weekley and on behalf of KATIE WEEKLEY, as survivor,

    Plaintiff,

vs.

HON. MICHAEL ADKINSON, in his capacity as Sheriff of Walton County; and, NICK EMBRY in his individual capacity,

    Defendants.
_____/

Case No.: 5:12-CV-170-MW-CJK

Judge: MARK E. WALKER

## PLAINTIFF'S SECOND MOTION IN LIMINE TO EXCLUDE 911 TAPE RECORDINGS AND INCORPORATED MEMORANDUM OF LAW

The Plaintiff, IRIS WEEKLEY, as Personal Representative of the Estate of Jeffery Weekley, by and through undersigned counsel, respectfully move this Court, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, for an Order, in advance of trial prohibiting Defendants from introducing evidence, either documentary or testimonial (including expert testimony), questioning any witness, or presenting any arguments to the jury (including in opening or closing statements and voir dire) regarding any recordings of a 911 call and any testimony as to what was said or not said during the subject call(s). In support of this Motion, Plaintiff states as follows:

1.    Plaintiff anticipates that the Defendants will seek to introduce recordings of 911 telephone calls which took place on August 3, 2009. The 911 recordings were made prior to the alleged shooting of Jeffery Weekley and contain conversations between Evelyn Burch and the

911 operator. The 911 tape recordings are due to be excluded pursuant to Fed. R. Evid, 401, 402 and 403 because they are irrelevant; and, even if they were relevant, any probative value is substantially outweighed by the certainty of unfair prejudice, confusion of the issues, and the potential to mislead the jury.

I.   Standard

2.   The purpose of a motion in limine is to prevent the introduction at trial of evidence which is deemed improper either by statute or common law. Luce v. US, 469 US 38, 40 (1984). Motions in limine may also be used to exclude irrelevant or immaterial matters and to exclude evidence when its probative value is outweighed by the danger of unfair prejudice as outlined in the Federal Rules of Evidence.

3.   In evaluating whether specific material is properly excludable pursuant to an in limine motion, it is necessary to determine whether the rules of evidence call for the exclusion and, if not, whether the relevant evidence, materially and/or probative value of the evidence is outweighed by its prejudicial effect. Federal Rules of Evidence 401 – 403.

II.   The 911 Recordings are Irrelevant

4.   This action currently represents Plaintiff's claim under 42 U.S.C. § 1983 under which Plaintiff claims Jeffery Weekley's civil rights were violated via an unjustifiable use of force which directly lead to his death. The central issue encompassing this violation of rights is the actions taken by Deputy Embry, the deputy who fired the fatal shots. To prevail in §1983 action, the plaintiff must show (1) that a person, (2) acting under color of some state law, custom or practice (3) subjected plaintiff (4) to the depravation of rights, privileges, or immunities secured

2

by the Constitution and the laws of the United States, and (5) that such conduct was the proximate cause of (6) the plaintiff's damages or basis for equitable relief. 42 U.S.C. § 1983 *see also* Greffy v. Alabama Dep't of Corr., 996 F.Supp. 1368, 1377 (N.D.Ala 1998).

5.  For the jury to make this determination, it is not relevant what the 911 operator knew at the time the shooting took place, but rather what Deputy Embry knew at that time.

6.  Plaintiff has not alleged any negligence or wrongdoing with regards to the information provided to Defendant Embry by the 911 operator. It is undisputed Defendant Embry was not privy to the 911 recoding or phone call prior to his engagement with the deceased, Jeffery Weekley. Neither the conversations between the 911 operator and Evelyn Burch nor any of the background noises contained in the recordings tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In fact, the 911 tape recordings have nothing to do with any of the § 1983 elements at issue in this action since it is the perspective of the officer at the scene when the events took place that matters.

7.  Clearly, facts unknown to Defendant Embry cannot account for his state of mind at the time of the incident. The determination which must be made by the jury is "[t]he 'reasonableness' of a particular use of force . . . from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Conner, 490 U.S. 386 (1989), 109 S. Ct. 1865, 1872 (1989). More specifically, the "only" perspective that matters is that of the reasonable officer on the scene at the time the events unfolded. Garczynski v. Bradshaw, 573 F.3d 1158, 1166 (USCA 11th Cir. 2009) *citing* Graham, at 396.

### III. The 911 Recordings are Unfairly Prejudicial in Violation of Rule 403.

8.      The 911 recordings must also be excluded because any probative value the taped recordings might otherwise have is substantially outweighed by the danger of unfair prejudice, confuse the issues, and/or mislead the jury. Fed. R. Evid. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, thought not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note.

9.      The 911 recordings have the potential of confusing and misleading the jury by focusing attention on the state of mind of Evelyn Burch, and not the state of mind of Defendant Embry. Defendant Embry will be testifying as to his state of mind immediately following his first and only conversation with Evelyn Burch on the day he shot and killed Jeffery Weekley. Since Defendant Embry never heard the 911 recording, his state of mind cannot have been formulated by any information or sounds contained in that recording.

10.     Mentioning, characterizing or playing these recordings in the jury's presence certainly runs the risk of suggesting a decision be rendered on an emotional basis, thereby, misleading the jury on its way to verdict. This is because there is the potential the jury will likely impute the contents of the call to the knowledge Defendant Embry had during the moments leading up to the firing of the shots which killed Jeffery Weekley. The knowledge which Defendant Embry possessed at the time of the shooting is central to this case as it bears directly on his state of mind. To allow the jury access to information not known by Defendant Embry at the time of the shooting is unnecessary and will only serve to confuse and mislead the jury. Therefore, the 911 recordings should be excluded. Fed. R. Evid. 403.

WHEREFORE, for all the reasons stated herein, and pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, the Plaintiff respectfully requests that the Court enter an Order prohibiting Defendants from introducing evidence, either documentary or testimonial (including expert testimony), questioning any witnesses, or offering any arguments to the jury (including opening or closing statements and vior dire) regarding the 911 recordings pertaining to the fatality and any testimony as to what the 911 operator knew moments before and/or during the fatal event, and any other relief this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE

Pursuant to the provisions of the Local Rules of the United States District Court, Northern District of Florida, undersigned counsel for Defendant hereby certifies that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised in this motion and that Defendants' attorneys oppose Plaintiff's motion.

Respectfully submitted this 15th day of July, 2014.

/s/ W. David Bennett
ELLIS, GED & BODDEN, P.A.
Attorneys for the Plaintiff
7171 N. Federal Hwy.
Boca Raton, FL 33487
Tel: (561) 995-1966
Fax: (561) 241-0812
Designated email: litlaw@ellisandged.com
Email: wdbennett@ellisandged.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via U.S. Mail to: Carl R. Peterson, Jr. and Keith Tischler (Attorneys for Defendants), Jolly & Peterson, P.A., P.O. Box 37400, Tallahassee, FL. 32315; and James V. Cook (Co-Counsel for Plaintiff), Law Offices of James V. Cook, 314 West Jefferson St., Tallahassee, FL. 32301.

/s/ *W. David Bennett*
W. David Bennett.