IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IRIS WEEKLEY, as Personal
Representative of the Estate of Jeffery
Weekley and on behalf of KATIE
WEEKLEY, as survivor,

           Plaintiff,

vs.

HON. MICHAEL ADKINSON, in his
capacity as Sheriff of Walton County;
and, NICK EMBRY in his individual
capacity,

           Defendants.

_____/

Case No.: 5:12-CV-170-MW-CJK

Judge: MARK E. WALKER

## PLAINTIFF'S THIRD MOTION IN LIMINE TO EXCLUDE ANY CRIMINAL HISTORY, PRIOR DRUG USE OR CHARACTER EVIDENCE OF DECEDENT, JEFFERY WEEKLEY AND INCORPORATED MEMORANDUM OF LAW

The Plaintiff, IRIS WEEKLEY, as Personal Representative of the Estate of Jeffery Weekley, by and through undersigned counsel, respectfully move this Court, pursuant to Rules 401, 402, 403 and 404 of the Federal Rules of Evidence, for an Order, in advance of trial prohibiting Defendants from introducing evidence, either documentary or testimonial (including expert testimony), questioning any witness, or presenting any arguments to the jury (including in opening or closing statements and voir dire) regarding any criminal history, prior drug use or character evidence of decedent. In support of this Motion, Plaintiff states as follows:

1.     Plaintiff anticipates Defendants will seek to introduce the criminal history and prior drug use of decedent in an attempt to attack the character or credibility of the decedent, Jeffery Weekley.

## I.      Criminal History/Extrinsic Acts

2.      Allowing questioning or admitting evidence of Jeffery Weekley's criminal history (including any evidence of arrests for unproven crimes or criminal allegations) should not be permitted pursuant to Rules, 401, 402, 403 and 404(b).  Any presentation of such evidence would be unfairly prejudicial to the Plaintiff.

3.      If relevant, evidence of criminal history (crimes, wrongs or other acts) is only admissible under Rules 403, 404(b), 410 and 609, Federal Rules of Evidence.   Given that in this civil action Jeffery Weekley is deceased and not a defendant, none of the Rules mentioned above provide an avenue of admissibility for Defendants.

4.      It is undisputed Defendant Embry had zero knowledge of any past criminal history or alleged prior drug use of decedent, Jeffery Weekley at the time he shot and killed Mr. Weekley. Therefore, there can be no argument that Defendant Embry's perception of danger or fear of bodily harm was in any way affected or heightened by such knowledge.  Rule 404(b) specifically prohibits any attempt by Defendants to show that on the day and moments before his death, Jeffery Weekley was acting in accordance with any character or trait.  Therefore, evidence of Jeffery Weekly's criminal history or prior drug use is irrelevant.

5.      Not only is Jeffery Weekley's criminal history not relevant, but applicable case law makes it clear that in order for evidence of other crimes or extrinsic acts to be admissible under Federal Rule of Evidence 404(b), the evidence must not only be relevant to an issue other than the defendant's character, but the probative value of the evidence must not be substantially outweighed by its undue prejudice and the evidence must meet the other requirements of Federal

Rule of Evidence 403.  United States v. Lampley, 68 F.3d 1296 (11th Cir. 1995) (*citing* United States v. Delgado, 56 f.3d 1357 (11th Cir. 1995)); United States v. Kerr, 778 F.2d 690 (11th Cir. 1985).

6.     Most importantly, Federal Rule of Evidence 404(b) permits evidence of other crimes, wrongs or bad acts to be admitted to show the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake *against the person who perpetrated the crimes or who engaged in the wrongs or bad acts* and not against individuals who were unrelated to the crime. (*Emphasis supplied*)  *See* United States v. Cobb, 588 F.2d 607 (8th Cir. 1978), cert. denied, 440 U.S. 947, 99 S. Ct. 1426, 59 L.Ed.2d 636 (1979) (Rule 404(b) evidence admissible to show the *defendant's* intent, knowledge, or absence of mistake or accident). (*Emphasis supplied*)  Here, Jeffery Weekley is not the Defendant and he is not being prosecuted for any act.  Therefore there can be no admission of any criminal history, extrinsic acts or prior drug use under this Rule.

## II.     Prior Drug Use

7.     The law in the federal courts and in Florida is clear: the potential for inflammatory reactions to evidence of drug use is very high and therefore such evidence should be excluded in a non-narcotic trial. *See* United States v. Ong, 541 F.2d 331, 339-40 (2d Cir. 1976), cert. denied, 429 U.S. 1075 (1977).   Federal Courts, pursuant to the balancing test under Rule 403, have excluded evidence relating to a plaintiff's drug or alcohol use.   In Harless v. Boyle-Midway Division, American Home Products, 584 F.2d 1051, 1058 (5th Cir. 1979), the Fifth Circuit Court of Appeals, in holding that evidence relating to the deceased's smoking marijuana on a prior occasion has been erroneously admitted in a wrongful death action, reasoned:

3

> We question the relevance of this evidence and find it to be tenuous at most. In contrast to any slight value it might have upon the jury's determination of damages, we view the evidence as being highly prejudicial. Accordingly, we conclude that the evidence that Michael had smoked marijuana on one occasion was precisely the type of highly prejudicial evidence that should be excluded under Federal Rule of Evidence 403. The court should have granted the motion in limine on the issue of marijuana smoking.

8.     Here, other than what is contained in the criminal history records of Jeffery Weekley regarding the marijuana, Plaintiff is unaware of any evidence in the record which suggests Mr. Weekley was engaged in illegal drug use. Defendants should be prohibited from attempting to develop this evidence during trial since, regardless of what revelation or response comes forth, the mere mention or suggestion that Mr. Weekley may have been engaged in illegal or legal drug use would be toxic to Plaintiff's case.

9.     Defendants should also be prohibited from presenting any evidence Jeffery Weekley was taking or not taking prescribed medications from his doctor. Through the introduction of such evidence, it is anticipated Defendants will seek to portray Mr. Weekley as a drug addict, even though the drugs he may have been taking were prescribed by a doctor. At the very least, this Court should preclude Defendants from identifying any prescriptions by name or referring to them as "pain pills" or any other similar jargon. Moreover, Defendants have failed to disclose any expert who would give an opinion on the effects any particular medication or drug would have on Mr. Weekley and how that would have affected a material aspect of this action.

10.     Furthermore, were the jury permitted to hear that Jeffery Weekley had previously been arrested for marijuana or that he had previously used drugs, there would be a high risk the jury would unfairly believe Mr. Weekley was "high" on drugs on the day and moments before his death. The results of Jeffery Weekley's toxicology report found no presence of any controlled

substances in his system at the time of death.

11.     Federal Courts do not allow the admission of evidence of drug use if it is only potentially

or marginally relevant, as the potential for prejudice far outweighs any probative value.   In

Nesbit v. Sears, Roebuck and Co., 415 F.Supp.2d 530, 540 (E.D. Pa. 2005), the court held that in

a products liability action from an accident involving an allegedly defective radial saw, plaintiff's

prior drug use was inadmissible:

> [W]ith respect to plaintiff's past drug use, the Court finds that any testimony
> concerning plaintiff's use of marijuana as a teen and his past use of alcohol, for
> which no time period is specified, is irrelevant to the issue of damages. Plaintiff
> testified that he no longer uses marijuana or alcohol, and did not use such drugs
> prior to the accident. Nor do the parties' experts link plaintiff's adolescent use of
> marijuana and alcohol to plaintiff's mental state at the time of the accident.
> Furthermore, even if marginally relevant, evidence concerning plaintiff's previous
> use of marijuana and alcohol would unfairly prejudice the jury against plaintiff,
> creating the image that plaintiff is a habitual drunkard or drug user who was
> perhaps under the influence of such drugs at the time of the accident. *See*
> Fed.R.Evid. 403.

(Internal citations omitted)

12.     The potential for prejudice is substantial.   Recognizing that "there are few subjects more

inflammatory than narcotics," the Second Circuit has stated that evidence of drug use "should

usually be excluded in a non-narcotics trial," Ong at 339-40 (2d Cir. 1976), cert. denied, 429

U.S. 1075 (1977).   In the context of this case, any mention of prior drug use could prompt an

emotional response from jurors, thereby having "an undue tendency to suggest decision on an

improper basis . . ." Fed. R. Evid. 403 advisory committee note.

## III.     Character Evidence

13.     It is anticipated that Defendants, through various means, will attempt to attack the

character of Jeffery Weekley in an attempt to suggest to the jury that Mr. Weekley was, among other things, a bad father.  Among other avenues, Defendants may go as far as questioning Katie Weekley, the sole survivor, as to whether or not she has been physically or sexually abused by Mr. Weekley.  While there is no evidence to suggest any such acts ever took place, the mere suggestion that evidence related to physical or sexual abuse may be present could be enough for the jury to believe Katie Weekley, as sole survivor and beneficiary is being less than truthful because of her stake in the outcome of the case as that beneficiary.  Plaintiff is unaware of any evidence of such abuse and Defendants should be precluded from attempting to develop these facts during trial as the mere suggestion of such, may cause the jury to believe the sole beneficiary is hiding evidence to her own benefit.

14.     Defendants should also be prohibited from questioning any witness as to whether they have any knowledge or personal experience with issues of abuse or domestic violence regarding Jeffery Weekley.  Again, no such evidence exists in this case and any attempt to develop such evidence during trial would undoubtedly mislead and confuse the jury.

15.     Any attempt by Defendants to question witnesses or suggest to this jury in any way that elements of abuse exist or existed in the Weekley family (when there is no evidence to suggest the same) would be tantamount to an attack on Jeffery Weekley's character.  Clearly this is because the jury may infer not only that Mr. Weekley possesses these character traits, but also that Katie Weekley, the sole beneficiary, or other family members have a vested interest to mislead the jury for their own benefit.  Mr. Weekley's character cannot be attacked in this way. Federal Rule of Evidence 404(a) provides as follows: Character evidence generally - Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in

conformity therewith on a particular occasion, except:

(1) Character of accused. In a criminal case, evidence of a pertinent trait of character offered by an accused . . . .;

(3) Character of witness. Evidence of the character of a witness, as provided in Rules 607, 608, and 609.

Rule 608(a), in turn, provides as follows:

> Opinion and reputation evidence of character.  The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

16.     In the case of <u>Bailey v. Final Touch Acrylic Spray Decks, Inc</u>., 2008 WL 351694 (M.D. Fla. 2008), the court held that evidence of the plaintiff's character of aggression in a race discrimination and retaliation case was inadmissible. In reaching its decision, the court provided a succinct summary of the situations in which character evidence is admissible.  The court stated:

> Federal Rule of Evidence governs the use of character evidence to circumstantially prove a fact.  See Fed. R. Evid. 404 ("Evidence of a person's character or trait of a character is not admissible for proving action in conformity therewith on a particular occasion").  The Rule prohibits the use of character as circumstantial evidence except during limited circumstances in a criminal trial or when used to attack a witness's veracity under Rules 608 and 609.  Furthermore, the use of other crimes, wrongs, or acts' to 'prove the character of a person' is specifically prohibited, except for a narrow list of circumstances in a criminal trial." Id. § 404(b).

<u>Id</u>. at 2. The court further explained:

> Regarding Rule 405 subsection (b), character is not an 'essential element of a charge, claim, or defense in this case. It is well established that 'character evidence does not constitute an essential element of a claim unless it alters the rights and liabilities of the parties under the substantive law.' <u>Schafer v. Time, Inc</u>., 142 F.3d 1361, 1371 (11th Cir. 1998) (*citing* McCormick on Evidence § 187

(3d ed. 1984)). Included among the very few types of claims that meet this standard are: (1) the chastity of a victim under a statute specifying her chastity as an element of the crime of seduction, (2) the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver, and (3) actions for defamation where the damage to one's reputation is a measure of damages. Id. (*quoting* Fed. R. Evid. 404(a) adv. comm., note.).

Id. at 2; *see also* Jablonski v. St. Paul Fire and Marine Ins. Co., 2009 WL 2252094, *6 (M.D. Fla. July 24, 2009) (excluding as inadmissible under Rule 404 evidence of surveyor's aggressive estimating practices and noting "Jablonski essentially seeks to bring through the back door evidence that is clearly admissible through the front door, and the Court remains persuaded that this evidence is not permitted under either Rule 404 or Rule 406"); U.S. v. Williams, 2008 WL 1990452 (M.D. Fla. May 5, 2008); Michelson v. U.S., 335 U.S. 469, 476-77 (1948) (character can only be proven through evidence of reputation in the community, not specific acts or courses of conduct or moral traits); U.S. v. Davenport, 449 F.2d 696, 699 (5th Cir. 1971) ("the only type of evidence admissible to show defendant's character is proof of his reputation in the community").

17.     Therefore, Defendants have no avenue under the Federal Rules of Evidence which permit them to attack the character or challenge the credibility of decedent, Jeffery Weekley, and Defendants should be prohibited from attempting to elicit any testimony or present any evidence as mentioned above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order prohibiting Defendants from introducing evidence, either documentary or testimonial (including expert testimony), questioning any witness, or presenting any arguments or suggestions to the jury (including in opening or closing statements and voir dire) regarding any criminal history, prior drug use or character evidence of decedent, and any other relief this Court deems just and

proper.

## CERTIFICATE OF COMPLIANCE

Pursuant to the provisions of the Local Rules of the United States District Court, Northern District of Florida, undersigned counsel for Defendant hereby certifies that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised in this motion and that Defendants' attorneys oppose Plaintiff's motion.

Respectfully submitted this 15th day of July, 2014.

/s/W. David Bennett_____
ELLIS, GED & BODDEN, P.A.
Attorneys for the Plaintiff
7171 N. Federal Hwy.
Boca Raton, FL 33487
Tel: (561) 995-1966
Fax: (561) 241-0812
Designated email: litlaw@ellisandged.com
Email: wdbennett@ellisandged.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via U.S. Mail to: Carl R. Peterson, Jr. and Keith Tischler (Attorneys for Defendants), Jolly & Peterson, P.A., P.O. Box 37400, Tallahassee, FL. 32315; and James V. Cook (Co-Counsel for Plaintiff), Law Offices of James V. Cook, 314 West Jefferson St., Tallahassee, FL. 32301.

/s/ W. David Bennett_____
W. David Bennett.