IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IRIS WEEKLEY, as Personal Representative of the Estate of Jeffery Weekley and on behalf of KATIE WEEKLEY, as survivor,

        Plaintiff,

vs.

HON. MICHAEL ADKINSON, in his capacity as Sheriff of Walton County; and, NICK EMBRY in his individual capacity,

        Defendants.
_____/

Case No.: 5:12-CV-170-MW-CJK

Judge: MARK E. WALKER

## PLAINTIFF'S FOURTH MOTION IN LIMINE TO EXCLUDE ANY IRRELEVANT AND PREJUDICIAL ISSUES

The Plaintiff, IRIS WEEKLEY, as Personal Representative of the Estate of Jeffery Weekley, by and through undersigned counsel, respectfully move this Court, pursuant to Rules 401 - 404 of the Federal Rules of Evidence, for an Order, in advance of trial prohibiting Defendants from introducing evidence, either documentary or testimonial (including expert testimony), questioning any witness, or presenting any arguments to the jury (including in opening or closing statements and voir dire) regarding any irrelevant and prejudicial issues as detailed below. In support of this Motion, Plaintiff states as follows:

1.     Plaintiff anticipates Defendants will seek to introduce various issues that are irrelevant and/or prejudicial to Plaintiff's case. These issues include (1) an alleged "eviction" of Jeffery Weekley by his mother, Iris Weekley, (2) allegations of owed child support, (3) Jeffery Weekley's

use of a chainsaw on the day of the subject incident, (4) any criminal history or irrelevant medical history of Katie Weekley, and (5) any allegations of abuse by Katie Weekley's mother's second husband.

2. Plaintiff incorporates its legal arguments and memorandums of law set forth in Plaintiff's Second and Third Motions in Limine.

**I.     The Alleged Eviction of Jeffery Weekley.**

3. During the course of discovery an allegation arose that in the fall of 2008 Jeffery Weekley was allegedly evicted, or otherwise asked to leave and not come back, from the residence of his mother, Iris Weekley.

4. The facts surrounding these allegations are disputed by Iris Weekley and Katie Weekley. Nevertheless, whether or not Jeffery Weekley had at any point been evicted or asked to leave the home of Iris Weekley is irrelevant to any material aspect of this case and should be excluded under Rules 401, 402 and 404, Federal Rules of Evidence. This is a disputed collateral issue and even if the Court found some probative value, this evidence should nevertheless be excluded because any probative value is far outweighed by the danger of unfair prejudice. Rule 403, Federal Rules of Evidence.

**II.    Child Support.**

5. Another issue raised by Defendants in this case is whether or not Jeffery Weekley may have owed child support payments to Heather Edwards (the mother of Katie Weekley and the divorced wife of Jeffery Weekley). In conjunction with the child support issue Plaintiff

anticipates an allegation to be made that Jeffery Weekley allegedly received some letter indicating he owed back child support on the day of his death. This letter has not been requested, discovered or produced during the course of this litigation.

6. It is anticipated Defendants will seek to establish this evidence and suggest to the jury that Jeffery Weekley was a poor father who was failing in support of his daughter or that he may have been angry after receiving this letter, thereby, improperly implying to the jury Mr. Weekley may have been in an angry state of mind on the day of his death.

7. Neither the issue of whether Jeffery Weekley owed any child support nor the issue of whether or not he received a letter indicating he owed child support has been corroborated in this case. Plaintiff is not seeking amounts for loss of support based on child support which may or may not have been owed by Jeffery Weekley at the time of his death. As such, any mention or suggestion that Jeffery Weekley owed child support or received any letter indicating the same is irrelevant to any material aspect of this case and should be excluded.

**III. The Chainsaw.**

8. What has also been discovered in this case is that moments before his death, Jeffery Weekley went outside the home of Evelyn Burch (the woman who Mr. Weekley resided with and who made the initial phone call to 911) and started a chainsaw. There has been no evidence in this case that Jeffery Weekley was doing anything improper with the chainsaw or making any threats to Evelyn Burch in any way with the chainsaw, much less with the intent to use the chainsaw in a violent way.

9. It is anticipated Defendants will seek to introduce these facts to the jury, thereby,

3

implying that Jeffery Weekley was making threats with the chainsaw or doing some other similar inappropriate act. No evidence has been discovered that Jeffery Weekley was doing anything improper or threatening with the chainsaw and it is undisputed that Mr. Weekley was not in possession of any chainsaw when he was allegedly approached by Defendant Embry.

10. With regards to the chainsaw, it the state of mind of Defendant Embry at the time of the incident that is relevant. Given the undisputed facts that Jeffery Weekley was shirtless and not carrying or physically near any chainsaw at the time the incident occurred, such evidence should be excluded under Rules 401 and 402, Federal Rules of Evidence.

11. Moreover, because the jury may improperly infer the chainsaw had something to do with the events leading up to the incident between Defendant Embry and Mr. Weekley, Defendants must be precluded from any mention of the chainsaw. Not only is the chainsaw irrelevant, but the danger of misleading and confusing the jury through the mere suggestion of the chainsaw is very high. Should this Court find some probative value to this evidence, the same should be excluded under Rule 403, Federal Rules of Evidence.

**IV.   Criminal or Irrelevant Medical History of Katie Weekley.**

12. Plaintiff also anticipates Defendants will seek to introduce irrelevant medical, criminal or character evidence of the sole survivor Katie Weekley. The damages sought by the Plaintiff in this case will obviously be related to the pain, suffering and loss of support Katie Weekley experienced after the death of her father. Any criminal or medical history of Katie Weekley that is not relevant to her damages should not be presented to the jury in any way.

13. Furthermore, any prejudicial or irrelevant medical issues pertaining to Katie Weekley

should also be excluded. Plaintiff intends to introduce the medical history of Katie Weekley in support of its argument for damages. This should not mean that every medical record of Katie Weekley becomes relevant. Even if any unrelated medical issues were deemed relevant, opinions on those issues would lie outside the purview of lay testimony and no medical experts who are described as giving an opinion on the medical condition of Katie Weekley have been disclosed by Defendants. Therefore, even if the Court found some relevance with regards to the medical records, to allow the Defendants to dispute the damages by evidence contained in the medical records without an opinion by a properly disclosed expert would only serve to confuse and mislead the jury. Therefore, this information should be excluded pursuant to Rules 401 - 404, Federal Rules of Evidence.

### V.   Allegations of Abuse by Heather Edwards's Former Husband.

14. During her deposition Katie Weekley was questioned about "abuse" by her mother's second husband and whether this abuse was the reason Katie Weekley went to live with her grandmother, Iris Weeley. No other information was sought or discovered with regards to this issue.

15. This issue is not relevant to any material aspect of this case and Defendants should be precluded from attempting to develop any information through the questioning of any witnesses at trial. Even if this information had some probative value as to the damages of Katie Weekley, the same would not be within the purview of lay witnesses. To date, Defendant has failed to disclose any expert to give an opinion on what effects, if any, this undefined and uncorroborated "abuse" may or may not have had on Katie Weekley and how the same may or may not have affected her pain and suffering.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order prohibiting Defendants from introducing evidence, either documentary or testimonial (including expert testimony), questioning any witness, or presenting any arguments or suggestions to the jury (including in opening or closing statements and voir dire) regarding any of the issues set forth above, and any other relief this Court deems just and proper.

### CERTIFICATE OF COMPLIANCE

Pursuant to the provisions of the Local Rules of the United States District Court, Northern District of Florida, undersigned counsel for Defendant hereby certifies that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised in this motion and that Defendants' attorneys oppose Plaintiff's motion.

Respectfully submitted this 15th day of July, 2014.

/s/W. David Bennett
ELLIS, GED & BODDEN, P.A.
Attorneys for the Plaintiff
7171 N. Federal Hwy.
Boca Raton, FL 33487
Tel: (561) 995-1966
Fax: (561) 241-0812
Designated email: litlaw@ellisandged.com
Email: wdbennett@ellisandged.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via U.S. Mail to: Carl R. Peterson, Jr. and Keith Tischler (Attorneys for Defendants), Jolly & Peterson, P.A., P.O. Box 37400, Tallahassee, FL. 32315; and James V. Cook (Co-Counsel for Plaintiff), Law Offices of James V. Cook, 314 West Jefferson St., Tallahassee, FL. 32301.

/s/ *W. David Bennett*
W. David Bennett.