IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IRIS WEEKLEY, as Personal Representative of the Estate of Jeffery Weekley and on behalf of KATIE WEEKLEY, as survivor,

        Plaintiff,

vs.

HON. MICHAEL ADKINSON, in his capacity as Sheriff of Walton County; and, NICK EMBRY in his individual capacity,

        Defendants.
_____/

Case No.: 5:12-CV-170-MW-CJK

Judge: MARK E. WALKER

## PLAINTIFF'S FIFTH MOTION IN LIMINE TO EXCLUDE RESULTS OF TOXICOLOGY REPORT AND INCORPORATED MEMORANDUM OF LAW

The Plaintiff, IRIS WEEKLEY, as Personal Representative of the Estate of Jeffery Weekley, by and through undersigned counsel, respectfully move this Court, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, for an Order, in advance of trial prohibiting Defendants from introducing evidence, either documentary or testimonial (including expert testimony), questioning any witness, or presenting any arguments to the jury (including in opening or closing statements and voir dire) regarding the toxicology report, and any results or information contained therein. In support of this Motion, Plaintiff states as follows:

1.     Plaintiff anticipates Defendants will seek to introduce the toxicology report, or the results or information contained therein, regarding the condition of Jeffery Weekley's body immediately following his death.

2.   The subject toxicology report revealed the presence of three chemical substances, Ethanol, Cyclobenzaprine, and Diphenhydramine.  These substances are respectively and more commonly known as alcohol, Flexeril, and Benadryl.

3.   The toxicology report, and the results and information contained therein, are not relevant because (1) it does not tend to prove or disprove any issue of material fact as it does not relate to any claim or defense made by any of the parties to this action, (2) this information was not information known to Defendant Embry at the time of the incident giving rise to this action, and (3) Plaintiff is not seeking damages for loss of net accumulations or diminished earning capacity of decedent.  Pursuant to Rules 401, 402 of the Federal Rules of Evidence, this information should be excluded.

4.   Even if this Court were to find some relevancy to the toxicology report, and the results and information contained therein, the same should nevertheless be excluded as any probative value such evidence may have is far outweighed by the danger of unfair prejudice.  Rule 403, Federal Rules of Evidence.

5.   Moreover, Defendants have failed to disclose any expert to give any opinions on the effects that Ethanol, Cyclobenzaprine, and Diphenhydramine may have on a particular individual or on the quantities of these substances found in the toxicology report.

6.   It is undisputed Defendant Embry had zero knowledge of Jeffery Weekley's blood alcohol level at the time he shot and killed Mr. Weekley.  The only information which was known to Defendant Embry was the information which was conveyed to him by the 911 dispatch operator.

7.      Because it is the state of mind of Defendant Embry at the time of the incident which is relevant to the claims and defenses as part of this action, the results of the toxicology report, and any results or information contained therein, should be excluded under Rules 401 and 402 of the Federal Rules of Evidence.

8.      Similar issues have been addressed by other United States District Courts. In Joseph v. Lee, 1995 WL 301389, (USDC E.D. La 1995), Defendant sought reconsideration of an Order granting plaintiff's motion in limine concerning the toxicology reports, criminal records, and the evidence of a gun retrieved from decedent regarding an incident and a particular use of force by an officer. After the court reviewed defendants' memorandum, it remained convinced that the materials in question were irrelevant with respect to liability and must be excluded. The court went on to explain that "[t]he officer did not know at the time of the incident in question that the decedent had a gun, had a record or had taken cocaine. Thus, these materials cannot be relevant with respect to the officer's state of mind at the time of the shooting." Id.

9.      Clearly, facts unknown to Defendant Embry cannot account for his state of mind at the time of the incident. The determination which must be made by the jury is "[t]he 'reasonableness' of a particular use of force . . . from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Conner, 490 U.S. 386 (1989), 109 S. Ct. 1865, 1872 (1989). More specifically, the "only" perspective that matters is that of the reasonable officer on the scene at the time the events unfolded. Garczynski v. Bradshaw, 573 F.3d 1158, 1166 (USCA 11th Cir. 2009) *citing* Graham, at 396.

10.     Here, there is no dispute Jeffery Weekley was intoxicated at the time he was shot and killed by Defendant Embry. This information regarding this intoxication was communicated to

3

Defendant Embry by the 911 operator. What Plaintiff seeks to exclude is specifically the toxicology report and the results contained therein, not the information which was communicated to Defendant Embry.

11.  This information which Plaintiff is seeking to exclude is also irrelevant as to damages. Not only is Plaintiff not seeking damages for net accumulations, it would nevertheless be a stretch to relate the results of the toxicology report to diminished accumulations or earning capacity. Notwithstanding, Defendant has no expert to offer opinions on that subject.

12.  None of the substances revealed in the toxicology report are controlled substances, and again, Defendants have no expert to opine on the effects of these substances on a particular individual in any event.

13.  Because the toxicology report reveals "positive" findings, the danger of unfair prejudice and the likelihood of jury confusion is very high. A jury could unfairly impute these positive findings to the knowledge Defendant Embry had at the time of the incident. This danger would be further exacerbated should the jury correlate the presence of these substances with the actions of Jeffery Weekley as alleged by Defendant Embry, especially without expert testimony.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order prohibiting Defendants from introducing evidence, either documentary or testimonial (including expert testimony), questioning any witness, or presenting any arguments or suggestions to the jury (including in opening or closing statements and voir dire) regarding the toxicology report, and any results or information contained therein, and any other relief this Court deems just and proper.

4

## CERTIFICATE OF COMPLIANCE

Pursuant to the provisions of the Local Rules of the United States District Court, Northern District of Florida, undersigned counsel for Defendant hereby certifies that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised in this motion and that Defendants' attorneys oppose Plaintiff's motion.

Respectfully submitted this 15th day of July, 2014.

/s/W. David Bennett
ELLIS, GED & BODDEN, P.A.
Attorneys for the Plaintiff
7171 N. Federal Hwy.
Boca Raton, FL 33487
Tel: (561) 995-1966
Fax: (561) 241-0812
Designated email: litlaw@ellisandged.com
Email: wdbennett@ellisandged.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via U.S. Mail to: Carl R. Peterson, Jr. and Keith Tischler (Attorneys for Defendants), Jolly & Peterson, P.A., P.O. Box 37400, Tallahassee, FL. 32315; and James V. Cook (Co-Counsel for Plaintiff), Law Offices of James V. Cook, 314 West Jefferson St., Tallahassee, FL. 32301.

/s/ W. David Bennett
W. David Bennett