IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IRIS WEEKLEY, as Personal Representative of
the Estate of Jeffery Weekly and on behalf of
KATIE WEEKLEY, as survivor,

    Plaintiff,

vs.                                              CASE NO.: 5:12-CV-170-MW-CJK

HON. MICHAEL ADKINSON in his capacity
as Sheriff of Walton County; and, NICK
EMBRY, in his individual capacity,

    Defendants.
_____/

## DEFENDANT EMBRY'S RESPONSE TO PLAINTIFF'S SECOND MOTION IN LIMINE - TO EXCLUDE 911 TAPE RECORDINGS

COMES NOW Defendant, NICK EMBRY, in his individual capacity, by and through undersigned counsel, and pursuant to Local Rule 7.1(C), Northern District of Florida, responds to Plaintiff's Second Motion in Limine - To Exclude 911 Tape Recordings [Doc. 148] (hereafter "Motion"). EMBRY says the Motion should be denied in its entirety. In support, EMBRY incorporates his Memorandum of Law herein and says:

### MEMORANDUM OF LAW

In her Second Motion in Limine, Plaintiff wrongly argues admission of the 911 recording would be irrelevant evidence because "[n]either the conversations between the 911 operator and Evelyn Burch nor any of the background noises contained in the recordings tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed R. Evid. 401." Motion, p. 3, ¶ 6. Plaintiff is wrong.

Such evidence is entirely consistent with EMBRY's testimony concerning Weekley's angry outburst as Weekley approached him, and is necessary to put the encounter in its proper context. It is by no means "irrelevant." Nor is it "unfairly prejudicial" under F.R.E. 403. Maples v. Vollmer, 2013 WL 1681234. *1, *14 (D. N.M. 2013) (Overruling 403 objection to 911 statement not relayed to officers as basis for arrest, and finding that it was not unfairly prejudicial).[1]

Such evidence is relevant pursuant to F.R.E. 401 to show that Deputy EMBRY was responding to an ongoing emergency; and, because it bears on whether it would be more or less "probable" that Weekley was still angry, hostile and uncooperative when EMBRY encountered him only a few minutes after the call was completed at 17:26. EMBRY has plainly testified from the outset about Weekley's very angry, aggressive behavior. Under both federal and Florida rules of evidence, Weekley's behaviors on *other* dates and times would not be admissible to prove that he acted in conformity with those behaviors in *this* particular incident. But, his state of mind that day and how he acted just *before* encountering EMBRY bear directly upon his actions *during* the encounter lasting just a few seconds on 8-3-09. The 911 call recording should be admitted.

While en route, EMBRY was told that Weekley carried a knife on his person. He was informed that Weekley may have been intoxicated. See, e.g., Walton County Internal Affairs Report and 911 Summary, Doc. 65-2, p. 3 of 12 (Signal 2 means "drunk/had been drinking"); p. 4 of 12 ("Male subject is S-2"); see also, WCSO Call History Record, Exh. 65-3, p. 4 of 8. Weekley's angry behavior before EMBRY arrived; and, his reaction on 8-3-09 to Deputy EMBRY's presence is by no means similar act or conduct evidence of events occurring on other dates and times that might

---

[1] The Maples court did, however, say that the 911 recording had to be properly admitted after a foundation was laid pursuant to FRE 803(6). Id. at *1.

2

conceivably be excludable under Rule 404. Nor does Plaintiff even make such an argument as the basis for exclusion of the 911 tape itself.

EMBRY would offer such evidence for the purpose of showing whether it was "more or less probable" that Weekley acted just as EMBRY says he did - angry, hostile and refusing to obey EMBRY's repeated commands. Thus, such evidence is both relevant and not "unduly" or "unfairly" prejudicial under Rule 403.

"Most evidence that is admitted will be prejudicial or damaging to the party against whom it is offered." See, C. Ehrhardt, Florida Evidence, §403.1 (2014 Ed.). "Only when that unfair prejudice substantially outweighs the probative value of the evidence is the evidence excluded." Id; United States v. Sellers, 906 F.2d 597, 601 (11th Cir. 1990), *citations omitted*, ("The district court's discretion to exclude concededly relevant evidence under Fed.R.Evid. 403 is limited, however; otherwise relevant evidence may be excluded under Rule 403 "only when 'its probative value is substantially outweighed by the danger of unfair prejudice.'"); U.S. v. Fields, 483 F.3d 313, 354 (5th Cir. 2007) ("One purpose of Rule 403 is to prevent evidence from 'inducing decision on a purely emotional basis.'") *quoting* Advisory Committee Notes. "However, to warrant exclusion, the danger of unfair prejudice . . . must *substantially* outweigh the probative value of the evidence. Accordingly, we have recognized that Rule 403's scope is narrow. '[T]he application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" Id, *emphasis in original.* "Rule 403 does not exclude evidence because it is strongly persuasive or compellingly-relevant. The rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make

it inadmissible on that account." In re: Air Crash Disaster, 86 F.3d 498, 538 (6th Cir. 1996); see also, U.S. v. O'Shea, 426 F.3d 475, 485 (1st Cir. 2005) (virtually all evidence is prejudicial, but it is only unfair prejudice that the law protects against).

The use of 911 recordings is not *per se* inadmissible just because they might contain information not actually directly passed on to the responding officer. This is particularly true if the contents of the 911 recording corroborate or confirm what the responding deputy was told, and help convey the real emotions and upset present at the scene when EMBRY arrived.

Ms. Burch tells the dispatcher she can hear the chainsaw outside the house. See, e.g., Walton County Internal Affairs Report and 911 Summary [Doc. 65-2, p. 3 of 12]; see also, Id, at p. 4 (showing chainsaw reported to EMBRY at 17:18). Burch tells both EMBRY and FDLE she last heard the chainsaw running in the back of her mobile home. After leaving Ms. Burch at the front door of the house, EMBRY then goes out back to the shed and confirms the chainsaw is "hot to the touch"; thereby confirming it had just been used as Burch had reported. [EMBRY FDLE interview, Doc. 65-5, p. 4].

If the jury hears the 911 tape it may hurt Plaintiff's case. But, such evidence does not confuse or mislead the jury under Rule 403. Use of force needs to be judged based upon the totality of the circumstances known to a reasonable officer at the scene. The 911 call recording does not confuse any issues, and it is up to the jury to make inferences based on all the evidence.

Respectfully submitted this 29th day of July, 2014.

                          /s/ Carl R. Peterson, Jr.
                          CARL R. PETERSON, JR.
                          Florida Bar No. 980048
                          KEITH C. TISCHLER
                          Florida Bar No. 0334081
                          JOLLY & PETERSON, P.A.
                          Post Office Box 37400
                          Tallahassee, Florida 32315
                          850-422-0282

                          *Attorneys for Defendant Embry*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF only to James Cook, Esq., 314 West Jefferson Street, Tallahassee, Florida 32301 and W. David Bennett, Esq., Ellis, Ged & Bodden, P.A., 7171 North Federal Hwy., Boca Raton, Florida 33487 this 29th day of July, 2014.

                          /s/ Carl R. Peterson, Jr.
                          CARL R. PETERSON, JR.

cc:    Walton County Sheriff's Office, Attn: Maj. Joe Preston
        Florida Sheriff's Risk Management Fund, Attn: Shelly Marks, Esq.
        Deputy Nick Embry