IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IRIS WEEKLEY, as Personal Representative of
the Estate of Jeffery Weekly and on behalf of
KATIE WEEKLEY, as survivor,

    Plaintiff,

vs.                                    CASE NO.: 5:12-CV-170-MW-CJK

HON. MICHAEL ADKINSON in his capacity
as Sheriff of Walton County; and, NICK
EMBRY, in his individual capacity,

    Defendants.
_____/

## DEFENDANT EMBRY'S RESPONSE TO PLAINTIFF'S THIRD MOTION IN LIMINE - TO EXCLUDE ANY CRIMINAL HISTORY, PRIOR DRUG USE OR CHARACTER EVIDENCE OF DECEDENT, JEFFREY WEEKLY

COMES NOW Defendant, NICK EMBRY, in his individual capacity, by and through undersigned counsel, and pursuant to Local Rule 7.1(C), Northern District of Florida, responds to Plaintiff's Third Motion in Limine - To Exclude Any Criminal History, Prior Drug Use or Character Evidence of Decedent, Jeffrey Weekley [Doc. 149] (hereafter "Motion"). EMBRY says the Motion should be granted in part and denied in part. In support, EMBRY incorporates his Memorandum of Law herein and says:

### MEMORANDUM OF LAW

In her Third Motion in Limine, Plaintiff seeks to exclude all evidence of decedent's criminal history and other extrinsic acts. Motion, p. 2, ¶3. "If relevant, evidence of criminal history (crimes, wrongs or other acts) is only admissible under Rules 403, 404(b), 410 and 609, Federal Rules of Evidence. Given that in this civil action Jeffrey Weekley is deceased and not a defendant, none of the

rules mentioned above provide an avenue of admissibility for Defendants." Id.

Plaintiff overlooks an exception that has been recognized by the 10th and 5th Circuits. Perrin v. Anderson, 784 F.2d 1040, 1044 (10th Cir. 1986) ("We agree with the District Court here that, when the central issued involved in a civil case is in nature criminal, the Defendant may invoke the exceptions to Rule 404(a)."); Carson v. Polley, 689 F.2d 562, 575-76 (5th Cir. 1982), *other citations omitted*. "In a case of this kind, the civil defendant, like the criminal defendant, stands in a position of great peril." Perrin, 784 F.2d at 1044. "A verdict against the Defendant[] in this case would be tantamount to finding that [he] killed [Weekley] without cause. The resulting stigma warrants giving [him] the same opportunity to present a defense that a criminal defendant would present." Id. at 1044-45. "The self-defense claim raised in this case in not functionally different from a self-defense claim raised in a criminal case." Id.

Additionally, evidence of prior encounters with deputies at Ms. Burch's house showing that Weekley had previously fled into the woods and escaped contact could be admissible as evidence of a habit under FRE 406. Perrin, 784 F.2d at 1045-46. Testimony concerning prior specific incidents is allowed when attempting to prove a habit. Id.

In this instance, a parade of witnesses will not be necessary to prove Mr. Weekley's "habit" of running into the woods whenever the police were called to her house during a domestic dispute. Ms. Burch's own testimony is expected to confirm such prior habit and specific incidents of conduct.

Here, there can be no question about the import of Plaintiff's claims concerning EMBRY'S shooting of decedent, Jeffrey Weekley. In order for her to prevail, she must prove that EMBRY shot Weekley without any justification. In other words, he essentially murdered Mr. Weekley without justification if her experts' theories in interpreting the forensic facts following the shooting are to be

believed.

EMBRY agrees that other contacts between Weekley and law enforcement which did not result in convictions would not be admissible to prove that he acted in conformity with any character trait under Rule 404(b).   However, in this instance, there may be other reasons to admit Weekley's evidence of illegal drug use. See, Motion, ¶8.  Here, Katie Weekley's medical records show that Mr. Weekley stole medications that were prescribed for her.  Such evidence would be probative and relevant to the closeness of their relationship, his concern for her welfare as her father, and the damages being claimed by Katie Weekley.  Additionally, evidence of prescription and over-the-counter drug use on 8-3-09, in combination with substantial alcohol consumption, would be relevant to Mr. Weekley's own state of mind and his ability to properly comprehend and follow commands of Deputy EMBRY.  EMBRY incorporates herein his full argument and citation of authority contained in his Response to Plaintiff's Fifth Motion in Limine concerning the effects of alcohol and drugs found in Mr. Weekley's blood and urine. Turner v. White, 980 F.2d 1180, 1182-83 (8th Cir. 1992); Saladino v. Winkler, 609 F.2d 1211, 1214 (7th Cir. 1979); Edwards v. Thomas, 31 F.Supp.2d 1069, 1073  (N.D. Ill. 1979).

This case is not an instance of trying to drag up marijuana use from many years ago.  See, Motion, ¶11.  Instead, it is evidence that is plainly available from the records that are part of this case. EMBRY does not, however, intend to introduce any evidence concerning Weekley's drug usage other than as mentioned above with respect to his relationship with Katie Weekley and the substances found during the autopsy protocol.  EMBRY respectfully suggests the issue may be properly addressed with a limiting instruction from the Court.

Plaintiff's Motion concerning character evidence, ¶13, related to any questioning of Katie

3

Weekley, as to whether she had been physically or sexually abused by her father, Jeffrey Weekley, is wholly conclusory and speculative. Defendant has no such intentions of asking any questions which would even suggest such behaviors by decedent. Counsel is not aware of any evidence giving a good faith basis to inquire; and, such questioning would plainly be so prejudicial it would never pass 403 muster. The portion of the Motion, ¶13, dealing with physical or sexual abuse by Jeffrey Weekley is not opposed and should be granted.

In ¶14, Plaintiff seeks to argue "no such evidence exists in this case [of abuse of domestic violence] and any attempt to develop such evidence during trial would undoubtedly mislead and confuse the jury." Such argument is misleading. The records previously exchanged in this case show that Mr. Weekley had fled into the woods during prior responses by the Walton County Sheriff's Office to Ms. Burch's house. Ms. Burch commented during the 911 call concerning such prior behaviors and the effect of the chainsaw, if it was still running. She indicated that Weekley would not be able to hear the responding deputy(ies). See, e.g., Doc. 65-2, p. 3, entry at 1725. See also, Doc. 65-8, Burch Interview with FDLE, p. 7 ("Uhm. He left off the porch, uh angry because I had locked the door and uhm, I don't believe that he know (sic) that I was really calling, you know, because <u>otherwise he would have ran.</u>") (emphasis added). Such evidence of prior incidents would not be offered to show the character of the decedent, but to show his habit whenever law enforcement had previously been called. See, FRE 406. It would not mislead or confuse the jury. And, under <u>Perrin</u>, and FRE 406, such prior incidents showing habit can be proven by testimony concerning specific incidents.

WHEREFORE, for the foregoing reasons, the Plaintiff's Motion should be denied in part and granted in part. As noted above, there will be no attempt to introduce evidence concerning sexual

4

or emotional abuse within the Weekley family. However, Weekley's habit of running into the woods when law enforcement was coming is "fair game" and should be admissible under both Rules 404(a) and 406, Federal Rules of Evidence. A limiting instruction should be given with regard to the habit evidence, however, advising the jury that it is not being offered for proof of his character, only to prove that he had a habit of fleeing into the woods when law enforcement was called to Ms. Burch's home.

Respectfully submitted this 29th day of July, 2014.

/s/ Carl R. Peterson, Jr.
CARL R. PETERSON, JR.
Florida Bar No. 980048
KEITH C. TISCHLER
Florida Bar No. 0334081
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
850-422-0282

*Attorneys for Defendant Embry*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF only to James Cook, Esq., 314 West Jefferson Street, Tallahassee, Florida 32301 and W. David Bennett, Esq., Ellis, Ged & Bodden, P.A., 7171 North Federal Hwy., Boca Raton, Florida 33487 this 29th day of July, 2014.

/s/ Carl R. Peterson, Jr.
CARL R. PETERSON, JR.

cc: Walton County Sheriff's Office, Attn: Maj. Joe Preston
Florida Sheriff's Risk Management Fund, Attn: Shelly Marks, Esq.
Deputy Nick Embry