IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IRIS WEEKLEY, as Personal Representative of
the Estate of Jeffery Weekly and on behalf of
KATIE WEEKLEY, as survivor,

    Plaintiff,

vs.                                      CASE NO.: 5:12-CV-170-MW-CJK

HON. MICHAEL ADKINSON in his capacity
as Sheriff of Walton County; and, NICK
EMBRY, in his individual capacity,

    Defendants.
_____/

### DEFENDANT EMBRY'S RESPONSE TO PLAINTIFF'S FIFTH MOTION IN LIMINE - TO EXCLUDE RESULTS OF TOXICOLOGY REPORT

COMES NOW Defendant, NICK EMBRY, in his individual capacity, by and through undersigned counsel, and pursuant to Local Rule 7.1(C), Northern District of Florida, responds to Plaintiff's Fifth Motion in Limine - To Exclude Results of Toxicology Report [Doc. 151] (hereafter "Motion"). EMBRY says the Motion should be denied. In support, EMBRY incorporates his Memorandum of Law herein and says:

### MEMORANDUM OF LAW

In her Fifth Motion in Limine, Plaintiff argues "The toxicology report, and the results and information contained therein, are not relevant because (1) it does not tend to prove or disprove any issue of material fact as it does not relate to any claim or defense made by any of the parties to this action, (2) this information was not information known to Defendant Embry at the time of the incident giving rise to this action, and (3) Plaintiff is not seeking damages for loss of net accumulations or diminished earning capacity of decedent." (Motion, ¶3).

Plaintiff is wrong about the toxicology evidence not being relevant. To be admissible at trial, evidence must meet the threshold of relevance set forth in Federal Rule of Evidence 401. It provides:

> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

"'Relevant evidence' is defined as that which has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 401. The Rule's basic standard of relevance thus is a liberal one." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 587 (1993). Juries are the ones that decide what weight to give to each piece of relevant evidence. "'The relevance exists even if the fact-finder fails to be persuaded by that evidence. It is not necessary that the item of evidence alone convinces the trier of fact or be sufficient to convince the trier of fact of the truth of the proposition for which it is offered.'" Rutledge v. NCL (Bahamas), Ltd., 464 Fed. Appx. 825, 829 (11th Cir. 2012), *citations omitted*.

In Haney v. Mizell Memorial Hosp., 744 F.2d 1467, 1475 (11th Cir. 1984), the Eleventh Circuit noted that a plaintiff's use of alcohol and drugs was relevant to his ability to communicate and understand medical personnel and their ability to obtain cooperation from him. The same thing is true here. Evidence of Weekley's use of both drugs and alcohol is pertinent to his ability to understand and fully appreciate the risks he was taking, and his ability to cooperate with and follow EMBRY's commands. His use of both drugs and alcohol, like Ricky Haney's, is "highly relevant to many issues in this case." Id. To put it bluntly, his drunken state helps explain his bizarre behavior. Juries don't need expert witnesses to tell them about the irrational acts of drunks. Juries are quite capable of

knowing that people whose blood alcohol level is twice the legal limit sometimes act irrationally without being provoked.

The exact level of Weekley's blood alcohol content[1] was, of course, unknown to EMBRY. But, the fact that Weekley's blood alcohol level was twice the legal limit is certainly relevant, and *confirms* what EMBRY had already been told about Weekley's drunken state. It is not at all "unfair" to admit such evidence to the jury.[2] If EMBRY had no knowledge or received any reports of Weekley's alcohol consumption, there could at least be an arguable basis to keep the toxicology report from the jury. Therefore, this case is quite unlike the case relied upon by Plaintiff. Joseph v. Lee, 1995 WL 301389, *1 (E.D. La. 1995). There, "the officer did not know at the time of the incident in question that the decedent had a gun, had a record or had taken cocaine. Thus, these materials cannot be relevant with respect to the officer's state of mind at the time of the shooting." Id.

In contrast, in this case, EMBRY surely was advised that Weekley was drunk or had been drinking by the dispatcher; and, EMBRY had most definitely been advised that Weekley, in fact, was carrying a knife. Obviously, such knowledge could not be "undone" or erased from EMBRY's own state of mind. The toxicology report confirms the level or degree of impairment. There is no other evidence which would tend to do so with any level of recognized precision or reliability. So, it is not cumulative, and is most certainly relevant on the facts of this case.

---

[1] See, Autopsy Protocol, Doc. 65-9, p. 8 (Toxicology Report).

[2] EMBRY incorporates by reference herein his previous argument and citation of authority with regard to unfairness and prejudice under Rule 403. See, EMBRY'S response to Plaintiff's Fourth Motion in Limine, Doc. 155, pp. 5-6.

3

In addition to the previous cases cited, Plaintiff's argument and Motion that the toxicology report and results should be excluded overlooks a substantial body of case law favoring admission. e.g., Turner v. White, 980 F.2d 1180, 1182-83 (8th Cir. 1992) (evidence was relevant and admissible as to the question of plaintiff's actions and reactions to officers' shouted commands); Saladino v. Winkler, 609 F.2d 1211, 1214 (7th Cir. 1979) ("In an excessive force claim, evidence of the plaintiff's intoxication was held admissible under Rule 403 as it "tends to make [it] more probable that the plaintiff acted as the defendant contended he did or that plaintiff otherwise conducted himself in such a manner as to place the defendant reasonably in fear of his life."); see also, Edwards v. Thomas, 31 F.Supp.2d 1069, 1073 (N.D. Ill. 1979) (Magistrate judge could have admitted preseizure evidence of intoxication and possession of marijuana by plaintiff to prove that defendant's actions were reasonable because they provided weight to the officer's argument concerning the plaintiff's behaviors). Finally, in Rodriguez v. Zepeda, 176 F.Appx. 631, 632-33 (5th Cir. 2006) (excessive force case where drug use evidence was directly relevant in refuting plaintiff's testimony that the officers gave no warnings or commands and to explaining his allegedly odd behavior in the face of such warnings and commands).

Plaintiff's argument that the toxicology report is irrelevant as to damages, Motion, ¶11, is itself way off the mark. It doesn't matter whether the toxicology report would be relevant to damages. As long as the toxicology report is relevant to one or more of the other issues in this case, it should come before the jury. Just as is true with all evidence and testimony, it is not necessary that the jury give it any specific weight, and it may even disregard it, in its discretion. See, Rutledge, 464 Fed. Appx. at 829.

Plaintiff's Motion should be denied.

4

Respectfully submitted this 29th day of July, 2014.

/s/ Carl R. Peterson, Jr.
CARL R. PETERSON, JR.
Florida Bar No. 980048
KEITH C. TISCHLER
Florida Bar No. 0334081
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
850-422-0282

*Attorneys for Defendant Embry*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF only to James Cook, Esq., 314 West Jefferson Street, Tallahassee, Florida 32301 and W. David Bennett, Esq., Ellis, Ged & Bodden, P.A., 7171 North Federal Hwy., Boca Raton, Florida 33487 this 29th day of July, 2014.

/s/ Carl R. Peterson, Jr.
CARL R. PETERSON, JR.

cc:   Walton County Sheriff's Office, Attn: Maj. Joe Preston
      Florida Sheriff's Risk Management Fund, Attn: Shelly Marks, Esq.
      Deputy Nick Embry