UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CASE NO. 5:12-CV-170-MW-CJK

IRIS WEEKLEY, as Personal
Representative of the ESTATE
of JEFFERY WEEKLEY and
on behalf of KATIE WEEKLEY,
as survivor,

       Plaintiff,

vs.

NICHOLAS EMBRY,

       Defendant.

_____/

## PLAINTIFF'S PROPOSED INSTRUCTIONS TO THE JURY

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

3

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, IRIS WEEKLEY, as Personal Representative of the Estate of JEFFERY WEEKLEY and on behalf of KATIE WEEKLEY, as survivor, claim that the Defendant, NICHOLAS EMBRY, while acting "under color" of state law, intentionally deprived JEFFERY WEEKLEY of his rights under the Constitution of the United States.

4

Specifically, the Plaintiffs claim that NICHOLAS EMBRY, acting under color of authority of the State of Florida as a member of the Walton County Sherriff's Office, intentionally violated JEFFERY WEEKLEY'S constitutional right to be free from unlawful seizure and from the use of deadly, excessive and/or unreasonable force against him during NICHOLAS EMBRY'S attempt to serve a trespassing warning to JEFFERY WEEKLEY on August 3, 2009. NICHOLAS EMBRY denies those claims and contends that no violation of JEFFERY WEEKLEY'S constitutional rights occurred and that NICHOLAS EMBRY'S use of deadly force was justified because NICHOLAS EMBRY reasonably believed it was necessary to defend himself against another person's imminent use of unlawful force.

Burden of proof:

IRIS WEEKLEY, as Personal Representative of the Estate of JEFFERY WEEKLEY and on behalf of KATIE WEEKLEY, as survivor has the burden of proving her case by what the law calls a "preponderance of the evidence." That means IRIS WEEKLEY, as Personal Representative of the Estate of JEFFERY WEEKLEY and on behalf of KATIE WEEKLEY, as survivor must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring IRIS WEEKLEY and the evidence favoring NICHOLAS EMBRY on opposite sides of balancing scales, IRIS WEEKLEY needs to make the

scales tip to her side. If IRIS WEEKLEY fails to meet this burden, you must find in favor of NICHOLAS EMBRY.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," NICHOLAS EMBRY has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts NICHOLAS EMBRY must prove for any affirmative defense. After considering all the evidence, if you decide that NICHOLAS EMBRY has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence,

the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The

law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, IRIS WEEEKLEY will present her witnesses and ask them questions. After IRIS WEEKLEY questions the witness, NICHOLAS EMBRY may ask the witness questions – this is called "cross-examining" the witness. Then NICHOLAS EMBRY will present his witnesses, and IRIS WEEKLEY may cross-examine them.

You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**1.2 Burden of Proof – Clear and Convincing Evidence**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.3 Use of Recorded Conversations and Transcripts**

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**2.4 Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**2.7 In-Trial Instructions on News Coverage**

Reports about this trial or about this incident may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.1 Introduction**

**Deliberations**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

### 3.3 Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**3.6.1 Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

### 3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff, IRIS WEEKLEY, to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff IRIS WEEKLEY'S claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Plaintiff IRIS WEEKLEY.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff IRIS WEEKLEY's claim by a preponderance of the evidence, you should find for NICHOLAS EMBRY as to that claim.

### ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**3.9 Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**5.2 Civil Rights – 42 U.S.C. § 1983 Claims – Fourth Amendment Claim –**
**Private Person Alleging Unlawful Arrest,**
**Unlawful Search, or Excessive Force**

In this case, IRIS WEEKLEY, as Personal Representative of the Estate of JEFFERY WEEKLEY and on behalf of KATIE WEEKLEY as survivor, claims that NICHOLAS EMBRY, while acting under color of law, intentionally deprived JEFFERY WEEKLEY of his rights under the United States Constitution.

Specifically, IRIS WEEKLEY claims that while NICHOLAS EMBRY was acting under color of law as a member of the Walton County Sheriff's Office, NICHOLAS EMBRY intentionally committed acts that violated JEFFERY WEEKLEY'S constitutional right to be free from the use of excessive or unreasonable force during an arrest.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to unreasonable deadly force by a law enforcement officer – even though the officer is otherwise acting in accordance with the law.

A person may sue in this court for an award of money damages against anyone who, under color of law, intentionally commits acts that violate the person's rights under the United States Constitution.

To succeed on this claim, IRIS WEEKLEY must prove each of the following facts by a preponderance of the evidence:

First:   That NICHOLAS EMBRY intentionally committed acts that violated JEFFERY WEEKLEY'S federal constitutional right not to be subjected to unreasonable deadly force;

Second:  That NICHOLAS EMBRY acted under color of law; and

Third:   That NICHOLAS EMBRY'S conduct caused JEFFERY WEEKLEY'S death.

IRIS WEEKLEY claims that NICHOLAS EMBRY used unreasonable deadly force against JEFFERY WEEKLEY. Every person has the constitutional right not to be subjected to unreasonable deadly force by a law enforcement officer – even though the officer's acts were otherwise lawful.

You must decide whether the force NICHOLAS EMBRY used was unreasonable based on the degree of force a reasonable and prudent law enforcement officer would have applied under the same circumstances. NICHOLAS EMBRY'S underlying intent or motivation is irrelevant.

For the second element, the parties have agreed that NICHOLAS EMBRY acted under color of law. So you should accept that as a proven fact.

For the third element, NICHOLAS EMBRY'S conduct caused JEFFERY WEEKLEY'S death if JEFFERY WEEKLEY would not have died without NICHOLAS EMBRY'S conduct, and the injuries were a reasonably foreseeable consequence of NICHOLAS EMBRY'S conduct.

If you find in IRIS WEEKLEY'S favor for each fact that she must prove, you must decide the issue of her compensatory damages. To recover compensatory

damages IRIS WEEKLEY as Personal Representative of the Estate of JEFFERY WEEKLERY and on behalf of KATIE WEEKLEY as survivor must prove by a preponderance of the evidence that she would not have been damaged without NICHOLAS EMBRY'S conduct, and the damages were a reasonably foreseeable consequence of NICHOLAS EMBRY'S conduct.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of IRIS WEEKLEY'S damages – no more, no less. You must not impose or increase these compensatory damages to punish or penalize NICHOLAS EMBRY. And you must not base these compensatory damages on speculation or guesswork.

To determine whether and how much IRIS WEEKLEY on behalf of KATIE WEEKLEY should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. IRIS WEEKLEY on behalf of KATIE WEEKLEY does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate her for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that IRIS WEEKLEY has proved them by a preponderance of the evidence, and no others: [List recoverable damages, *e.g.*:

32

(a) The reasonable value of medical care and supplies that KATIE WEEKLEY reasonably needed and actually obtained, and the present value of medical care and supplies that KATIE WEEKLEY is reasonably certain to need in the future;

(b) KATIE WEEKLEY'S physical injuries, including ill health, physical pain and suffering, disability, disfigurement, discomfort, and any such physical harm that KATIE WEEKLEY is reasonably certain to experience in the future;

(d) KATIE WEEKLEY'S mental and emotional distress, impairment of reputation, personal humiliation, and any related harm that KATIE WEEKLEY is reasonably certain to experience in the future.

**Punitive Damages:** IRIS WEEKLEY also claims that NICHOLAS EMBRY'S acts were done with malice or reckless indifference to JEFFERY WEEKLEY'S federally protected rights, which would entitle IRIS WEEKLEY as Personal Representative of the Estate of JEFFERY WEEKLEY and on behalf of KATIE WEEKLEY as survivor to an award of punitive damages in addition to compensatory damages. IRIS WEEKLEY must prove by a preponderance of the evidence that she is entitled to punitive damages.

If you find for IRIS WEEKLEY and find that NICHOLAS EMBRY acted with malice or reckless indifference to JEFFERY WEEKLEY'S federally protected rights, the law allows you, in your discretion, to award IRIS WEEKLEY punitive damages as a punishment for NICHOLAS EMBRY and as a deterrent to others.

NICHOLAS EMBRY acts with malice if his conduct is motivated by evil intent or motive. NICHOLAS EMBRY acts with reckless indifference to the

protected federal rights of JEFFERY WEEKLEY when NICHOLAS EMBRY

engages in conduct with a callous disregard for whether the conduct violates

JEFFERY WEEKLEY'S protected federal rights.

## ANNOTATIONS AND COMMENTS

If the plaintiff claims that more than one defendant is liable for an unlawful search or seizure or use of excessive force, the model charge may be modified to accommodate multiple defendants. Further, if the plaintiff seeks to hold a government entity or individual supervisor liable, Pattern Instruction 5.6 *et seq.* may be incorporated into the instant instruction as appropriate. In doing so, the court should make clear that government entities are immune from punitive damages.

### I. Claims by Private Person Compared to Claims by Convicted Prisoners and Pretrial Detainees

Claims of excessive force against law enforcement officials in the course of making an arrest, investigatory stop, or other "seizure" of a private person are analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. M.S. Connor*, 490 U.S. 386, 388, 395 n.10 (1989). On the other hand, claims involving the mistreatment of pretrial detainees while in custody are governed by the Fourteenth Amendment's Due Process Clause, and similar claims by convicted prisoners are governed by the Eighth Amendment's Cruel and Unusual Punishment Clause, *E.g., Lumley v. City of Dade City, Fla.*, 327 F.3d 1186, 1196 (11ᵗʰ Cir. 2003). Pattern Instruction 5.3, *infra*, should be applied in cases where the plaintiff's claim concerns action taken against Plaintiff while he/she was in custody as a pretrial detainee or convicted prisoner.

### II. Causation

"A § 1983 claim requires proof of an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation." *Troupe v. Sarasota Cnty., Fla.*, 419 F.3d 1160, 1165 (11ᵗʰ Cir. 2005) (citing *Zatler v. Wainwright*, 802 F.2d 397, 401 (11ᵗʰ Cir. 1986)). The requisite causation includes proof of legal and proximate causation. *Jackson v. Sauls*, 206 F.3d 1156, 1168 n.16 (11ᵗʰ Cir. 2000). Thus, "a plaintiff must show that, except for that constitutional tort, such injuries and damages would not have occurred and further that such injuries and damages were the reasonably foreseeable consequences of the tortious acts or omissions in issue." *Id.* at 1168. The model instruction makes clear that the plaintiff must prove both legal and proximate causation in accordance with Eleventh Circuit case law.

### III. Compensatory Damages

"[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986); *accord Wright v. Sheppard*, 919 F.2d 665, 669 (11th Cir. 1990). "In addition to damages based on monetary loss or physical pain and suffering,… a § 1983 plaintiff also may be awarded compensatory damages based on demonstrated mental and emotional distress, impairment of reputation, and personal humiliation." *Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000) (citations omitted). Damages may be awarded for future medical expenses and other losses, *e.g., Christopher v. Florida*, 449 F.3d 1360, 1368 (11th Cir. 2006). *See generally*, Joanne Rhoton Galbreath, Annotation, *Supreme Court's Views as to Measure or Elements of Damages Recoverable in Federal Civil Rights Action Under 42 USCS § 1983*, 91 L. Ed. 2d 647 (2008).

"[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Slicker*, 215 F.3d at 1229 (italics in original). Consequently, when a plaintiff does not provide any "proof of a specific, actual injury caused by" the defendant's conduct, the plaintiff is not entitled to compensatory damages. *Kelly v. Curtis*, 21 F.3d 1544, 1557 (11th Cir. 1994). The availability of nominal damages is discussed in detail *infra* part V.

## IV. Mitigation of Damages

The general rule requiring plaintiffs to mitigate damages applies in actions under 42 U.S.C. § 1983. *See, e.g., Murphy v. City of Flagler Beach*, 846 F.2d 1306, 1309-10 (11th Cir. 1988). Accordingly, the model instruction provides an optional bracketed charge regarding mitigation of damages.

## V. Nominal Damages

The nominal damages instruction reflects the three situations identified in *Slicker* where an award of nominal damages is appropriate. *Slicker*, 215 F.3d at 1232. The third situation is bracketed because it only applies in excessive force cases "where there is evidence that both justifiable and unjustifiable force might have been used and the injury may have resulted from the use of justifiable force." *Id*. (citation omitted).

A plaintiff is not automatically entitled to a nominal damages instruction for constitutional violations; the plaintiff must request the instruction. *See Oliver v. Falla*, 258 F.3d 1277, 1282 (11th Cir. 2001) (finding that because the plaintiff failed to request a nominal damages instruction, he waived any entitlement to such damages).

In cases that are not subject to the Prison Litigation Reform Act, an award of nominal damages may be sufficient to justify an award of punitive damages in a § 1983 action. *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1177-78 & n.3 (11th Cir. 2009) (noting

that if plaintiff organization is successful on its claim of a First Amendment violation permitting nominal damages, then "punitive damages may be available" as well); *Davis v. Locke*, 936 F.2d 1208, 1214 (11th Cir. 1991) (affirming award of punitive damages even though jury awarded plaintiff nominative damages but not compensatory damages).

## VI. Punitive Damages

In order to receive punitive damages in § 1983 actions, a plaintiff must show that the defendant's conduct was "motivated by evil motive or intent" or involved "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

Punitive damages in § 1983 claims are not recoverable against government entities. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1047 (11th Cir. 2008). Because many § 1983 claims are brought against government officials in their official capacities or against municipal entities themselves, punitive damages are not recoverable in a large number of § 1983 claims. However, punitive damages are recoverable against all other defendants in § 1983 suits (for instance, individual capacity suits), and the statutorily mandated caps set out in § 102 of the 1991 Civil Rights Act, 42 U.S.C. § 1981a(b)(3), do not apply to § 1983 claims. Title 42 U.S.C. § 1981a(a) lists the causes of action under which the statutory punitive damages caps apply. In a case brought against both individuals and government entities, the jury instructions should expressly state that punitive damages may be assessed only against the individual defendants for their respective conduct.

**3.2 The Duty to Follow Instructions – No Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.